UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN J. ROBBINS,

    Plaintiff,

       v.                               Cause No. 3:24-CV-474-PPS-APR

DEPT OF CORR, *et al.*,

    Defendants.

## OPINION AND ORDER

Steven J. Robbins, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Robbins is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Robbins is a prisoner at Indiana State Prison serving a 95-year sentence for a 2002 murder conviction.[1] *See State v. Robbins*, 82C01-0112-CF-01162 (Vanderburgh Cir.

---

[1] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

Ct. closed July 15, 2002). He claims that the prosecutor and his attorney made a "secret deal" to ensure his conviction, hiding information about an agreement with a witness named Jerry Preshon, which allegedly resulted in him being wrongfully convicted. He asserts a violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), ineffective assistance of counsel, and other claims stemming from the alleged secret deal. He sues the witness, the prosecutor, his public defender, and the Indiana Department of Correction seeking $100 million in damages and other relief.

Mr. Robbins does not state a claim upon which relief can be granted. He cannot use 42 U.S.C. § 1983 to have his state conviction overturned or obtain release from custody. Instead, the sole means of challenging a state conviction in federal court is through the habeas corpus statute. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Additionally, he cannot pursue a claim for damages based on an allegation that he was wrongfully convicted or that his constitutional rights were violated during his trial, which necessarily implies the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Such a claim cannot be brought unless his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. There is no indication from either his complaint or public records that has occurred. To the contrary, public records reflect

that to date his efforts to overturn his conviction have been unsuccessful.[2] Therefore, his claims are subject to dismissal without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (claims barred by *Heck* must be dismissed without prejudice).

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. (citation omitted). I have considered that the "favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). I find no basis to conclude that if given another opportunity, Mr. Robbins could assert a viable constitutional claim based on these events that avoids the *Heck* bar. Therefore, it would be futile to permit him to amend.

For these reasons, this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A. The Clerk is **DIRECTED** to close the case.

---

[2] Mr. Robbins asserted a claim about an alleged undisclosed agreement between the prosecutor and the witness on post-conviction review, but the Indiana Court of Appeals rejected his claim and affirmed the denial of post-conviction relief. *See Robbins v. State*, 889 N.E.2d 402 (Table), 2008 WL 2553129 (Ind. Ct. App. 2008). He later raised this and other claims in a federal habeas petition, but the petition was denied. *Robbins v. Superintendent*, No. 3:09-CV-0280 WL, 2010 WL 405526, at *5 (N.D. Ind. Jan. 22, 2010). He appealed, but the Seventh Circuit denied his request for a certificate of appealability. *Robbins v. Wilson*, No. 10-1837 (7th Cir. Sept. 1, 2010).

3

**SO ORDERED** on June 18, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT